### GILBERT v. STATE. (4 Div. 121.)

(Court of Appeals of Alabama. Nov. 17, 1925.)

1. Intoxicating liquors ⬅236(19)—Conviction for possession of still requires proof that apparatus is within terms of statute, and that defendant had it in his possession.

Conviction, under prosecution for unlawfully possessing a still, requires proof that apparatus was within inhibited terms of statute, and that defendant had it in his possession, and there can be no conviction where proof fails as to either requirement.

2. Criminal law ⬅419, 420(10), 459—Testimony of state witness that he judged thing seized was a still on what "they say" held improperly admitted.

In prosecution for possession of a still, where state witness testified that he had never seen a still in his life, but based his judgment as to whether thing seized was a still on what "they say," and further stated that "in his judgment it was a still, they had a vessel there to make something in," which "they say" was used for making whisky, it was reversible error to overrule objections to such testimony.

3. Intoxicating liquors ⬅238(1) — Affirmative charge for defendant should have been given, where evidence was insufficient to show possession of still.

In prosecution for possession of a still, where evidence was insufficient to show pos-

session by defendant of apparatus, an affirmative charge, requested in writing by defendant, should have been given.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Claude Gilbert was convicted of possessing a still, and he appeals. Reversed and remanded.

Sollie & Sollie, of Ozark, for appellant.

The state failed to prove that defendant had dominion over the still, and failed to prove that the articles in question constituted a still. Defendant was entitled to the affirmative charge. Moody v. State, 20 Ala. App. 572, 104 So. 142; Murphy v. State, 20 Ala. App. 624, 104 So. 686; Spelce v. State, 17 Ala. App. 401, 85 So. 835; Farmer v. State, 19 Ala. App. 560, 99 So. 59; Biddle v. State, 19 Ala. App. 563, 99 So. 59; Wilson v. State, 20 Ala. App. 62, 100 So. 914. The testimony of witness Fain was erroneously admitted. Sanders v. State, 2 Ala. App. 13, 56 So. 69.

Harwell G. Davis, Atty. Gen., and Thomas E. Knight, Jr., Asst. Atty. Gen., for the State.

Under the evidence, the question of defendant's possession of or guilty connection with the still was for the jury. The affirmative charge was properly refused. Walker v. State, 19 Ala. App. 20, 95 So. 205; Reeves v. State, 19 Ala. App. 72, 95 So. 203; Williams v. State, 18 Ala. App. 286, 92 So. 28; Bodine v. State, 18 Ala. App. 514, 93 So. 264; Lindsey v. State, 18 Ala. App. 494, 93 So. 331. Witness Fain was properly allowed to testify that the apparatus was a whisky still. Veal v. State, 19 Ala. App. 168, 95 So. 783; Moore v. State, 17 Ala. App. 625, 88 So. 25; Floyd v. State, 18 Ala. App. 647, 94 So. 192. Also to testify that skimmings were used in the manufacture of liquor. Hopkins v. State, 18 Ala. App. 423, 93 So. 40; Gowen v. State, 18 Ala. App. 542, 93 So. 281; Taylor v. State, 18 Ala. App. 439, 93 So. 305.

BRICKEN, P. J. This court has given attentive consideration to the evidence in this case, with the view of ascertaining its sufficiency to sustain the judgment of conviction from which this appeal is taken. The conviction of this appellant, defendant in the court below, rested upon the evidence of state witness Fain, and the testimony of this witness as to the salient or material facts is based upon hearsay and supposition only. Such testimony has no place in law. This is elementary under the simplest rule of evidence.

[1] The defendant was convicted under count 2 of the indictment, which charged him with the unlawful possession of a still, apparatus, or appliance to be used for the purpose of manufacturing alcoholic or spiritu-

ous liquors, etc. In a prosecution for this offense there are of necessity two principal inquiries: (1) Was the apparatus or appliance in question such as comes within the inhibited terms of the statute? (2) Did the defendant have it in his possession? If the proof adduced, under the required rules, fails in either of these questions, there can be no conviction. Our opinion is that the legal evidence in the case at bar fails to establish either of these propositions.

[2] As to the first inquiry, witness Fain predicated his judgment (?) on what "they say." He testified: "I have never seen a whisky still in my life. I have heard about 'em and had 'em described." And in response to the question by the solicitor, "in your judgment what was that, a whisky still?" he answered, "Yes, sir, in my judgment that was a still, they had the vessels there to make something in." All this was over the timely and proper objections and exceptions of defendant. Fain also testified: "It had cane skimmings, the can did. He did not have any thing under the pipe; no vessel of any sort." And on redirect examination the solicitor asked him, "Cane skimming is used for making whisky, ain't it?" to which he replied, "*They say so.*" The defendant duly objected to the question, which was overruled, and also made motion to exclude the answer, stating every imaginable ground. This motion was overruled. That these rulings were error, to a reversal, needs no discussion.

[3] The possession by this defendant of the apparatus in question was not shown by the required measure of proof, and for this reason, also, the affirmative charge, requested in writing by defendant, should have been given.

Other insistences of error are presented, some of which appear meritorious; but from what has been said there is no necessity for further discussion. Under the evidence adduced upon this trial, the defendant should have been discharged.

Reversed and remanded.